# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### Western Division

UNITED STATES OF AMERICA,

     **Plaintiff,**

**v.**

                               **Case No.:   2:10cr20283**

**TERRENCE YARBROUGH,**

     **Defendant.**

---

**POSITION STATEMENT WITH REGARD TO SENTENCING FACTORS AND
SENTENCING MEMORANDUM OF DEFENDANT TERRENCE YARBROUGH**

---

COMES NOW counsel of record and respectfully submits the Position Statement of

Terrence Yarbrough with Regard to Sentencing Factors and his Sentencing Memorandum.

## I.   OBJECTIONS TO PRESENTENCE REPORT

Defendant was provided a copy of the presentence report on or about March 29, 2013.

Through counsel, Defendant would make the following objections to the presentence

investigative report.

1. Defendant objects to paragraphs 5 through 125.  Defendant denies the
   Government has proved the allegations that he was engaged, by any means, in sex
   trafficking by force, fraud, or coercion in violation of 18 U.S.C. Section 1591 (a )
   and (b )(1).  Defendant additionally denies the Government has proved the
   allegations that he was engaged, by any means, in Sex Trafficking of minors by
   force, fraud or coercion in violation of 18 U.S.C. section 1591 (a ) and (b )(1).

2.      Defendant objects to the Government's contention in paragraphs 128 and 129 that he, in any way, obstructed, impeded or attempted to obstruct or in plead the administration of justice under guideline provision U.S.C. Section 3C 1.1.

3.      Defendant objects to the denial of the adjustment for acceptance of responsibility pursuant to U.S.S.G. Section 3E 1.1. Defendant would show he has an absolute right to put the Government to its burden of proof and he denies the essential factual elements of guilt.

**Count 1:**      **Sex Trafficking of Minors by Force, Fraud or Coercion. Minor Victim GC.**

4.      **Paragraphs 133-134.** Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. Section 2241 (a) or (b). Defendant therefore objects to the +4 enhancement in paragraph 134.

5.      **Paragraph 135.** Defendant objects to the +2 enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(4)(B) in Paragraph 135. Proof was presented at trial by GC , there was a fight involving Mr. Yarborough over a custody battle with his minor child.

6.      **Paragraph 136.** Defendant denies the allegations in paragraph 136 that he kidnaped GC. Proof was presented at trial that GC accompanied Mr. Yarborough from New Orleans, Louisiana to Memphis, Tennessee, voluntarily. Therefore an objection is made to the +4 enhancement pursuant to U.S.S.G. Section 2A 3.1 (b) (5).

7.    **Paragraph 137.**  Proof was presented at trial that the Defendant did not induced, enticed or coerced GC to engage in prohibited sexual conduct or that he facilitated transportation or travel, by a her as a minor to engage in prohibited sexual conduct.  Additional proof was presented that GC posted advertisements on the Internet of her own volition.  Defendant therefore  objects to the +2 point enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(6).

8.    **Paragraph 139.**  Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants.

9.    **Paragraph 140.**  Defendant objects that he willfully obstructed or impeded, or attempted to obstruct or heed the administration of justice with respect to the investigation, prosecution, or sentencing in the instant offense.  Therefore, Defendant objects to the +2 point enhancement pursuant to U.S.S.G. Section 3C 1.1.

10.   **Paragraph 141.**  Defendant objects to the adjusted offense level (subtotal) of 48 as found in paragraph 141 of the Presentence Investigative Report.   As previously stated, Defendant would show the Government has failed to prove the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. section 1591 (a ) and (b)(1).  Defendant additionally would show the Government has failed to prove the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or

coercion in violation of 18 U.S.C. section 1591 (a ) and (b)(1).  Alternatively,

Defendant would argue the correct guideline calculation for **Count 1** is 34.

<u>**Count 2:**</u>        **Sex Trafficking of Minors by Force, Fraud or Coercion**.
               **Minor Victim NT.**

10.     **Paragraph 142-143.**  Defendant objects to the contention he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. Section 2241 (a) or (b).  Defendant therefore objects to the +4 enhancement in paragraph 143.

11.     **Paragraph 144.**  Defendant objects to the +2 point enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(2)(B) in paragraph 144.  Defendant would show there was insufficient proof presented by the Government that he had  knowledge NT was a minor and had not attained the age of 16 years.

12.     **Paragraph 145.**  Defendant denies the allegations in paragraph 145 that he took NT without her permission.  Defendant would show the Government has failed to prove that NT accompanied Mr. Yarborough from Memphis, Tennessee to Houston, Texas, involuntarily and therefore the +4 enhancement pursuant to U.S.S.G. is unwarranted.

13.     **Paragraph 147.**  Defendant denies that he induced, enticed or coerced NT to engage in prohibited sexual conduct or that he facilitated transportation or travel, by a minor to engage in prohibited sexual conduct.  Defendant would show there was testimony that NT posted advertisements on the Internet voluntarily.  Defendant therefore objects to the +2 point enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(6).

14. **Paragraph 148.** Defendant objects to the +4 point enhancement pursuant to U.S.S.G. section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants. Therefore, defendant believes the +4 point enhancement pursuant to U.S.S.G. section 3B 1.1 (a) is unwarranted.

15. **Paragraph 150.** Defendant objects to the adjusted offense level (subtotal) of 46 as found in paragraph 150 of the presentence investigative report. As previously stated, defendant would show the government has failed to prove the allegations that defendant was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. section 1591 (a ) and (b)(1). Defendant would show the government has failed to prove the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section 1591 (a ) and (b)(1). Alternatively, defendant would argue the correct guideline calculation for **Count 2** is 34.

<u>**Count 3:**</u>     **Sex Trafficking by Force, Fraud or Coercion**.
           **Victim AC**.

16. **Paragraph 151-152.** Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. section 2241 (a) or (b). Defendant therefore objects to the +4 enhancement in paragraph 152.

17. **Paragraph 153.** Defendant denies that he induced, enticed or coerced AC to engage in prohibited sexual conduct. Defendant would show there was testimony AC posted advertisements on the Internet voluntarily. Defendant therefore objects to the +2 point enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(6).

18. **Paragraph 155.** Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants. Therefore, Defendant believes the +4 point enhancement pursuant to U.S.S.G. section 3B 1.1 (a) is unwarranted.

19. **Paragraph 156.** Defendant objects that he willfully obstructed or impeded, or attempted to obstruct or heed the administration of justice with respect to the investigation, prosecution, or sentencing in the instant offense. Therefore, Defendant objects to the +2 point enhancement pursuant to you U.S.S.G. Section 3C 1.1.

20. **Paragraph 157.** Defendant objects to the adjusted offense level (subtotal) of 42 as found in paragraph 157 of the presentence investigative report. As previously stated, Defendant would show the government has failed to prove the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. section 1591 (a ) and (b ) (1). Defendant would show the government has failed to prove the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section 1591 (a ) and (b)(1). Alternatively, defendant would argue the correct guideline calculation for **Count 3** is 34.

21. **Paragraph 158-159.** Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. Section 2241 (a) or (b). Defendant therefore objects to the +4 enhancement in paragraph 159.

22.    **Paragraph 160.**  Defendant objects to the +2 enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(4)(B) in paragraph 160.

23.    **Paragraph 162**.  Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants.  Therefore, Defendant believes the +4 point enhancement pursuant to U.S.S.G. section 3B 1.1 (a) is unwarranted.

24.    **Paragraph 163.**  Defendant objects that he willfully obstructed or impeded, or attempted to obstruct or heed the administration of justice with respect to the investigation, prosecution, or sentencing in the instant offense.  Therefore, Defendant objects to the +2 point enhancement pursuant to you U.S.S.G. Section 3C 1.1.

25.    **Paragraph 164..**  Defendant objects to the adjusted offense level (subtotal) of 42 as found in paragraph 164 of the presentence investigative report.  As previously stated, defendant would show the government has failed to prove the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1).  Defendant would show the government has failed to prove the allegations that  he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section 1591 (a ) and (b)(1).  Alternatively, defendant would argue the correct guideline calculation for **Count 4** is 34.

<u>**Count 5:**</u>    **Sex Trafficking of Minors by Force, Fraud or Coercion**.
          **Minor Victim SB.**

26. **Paragraph 165.** Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. section 2241 (a) or (b).

27. **Paragraph 170.** Defendant objects to the adjusted offense level (subtotal) of 34 as found in paragraph 170 of the presentence investigative report based on the failure of the government to prove the count charged. Defendant would show the government has failed to prove the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section 1591 (a) and (b)(1).

<u>Count 7:</u>    **Sex Trafficking by Force, Fraud or Coercion.**
                          **Victim TM**.

28. **Paragraph 171-172.** Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. section 2241 (a) or (b). Defendant therefore objects to the +4 enhancement in paragraph 172.

29. **Paragraph 173.** Defendant objects to the +2 enhancement pursuant to U.S.S.G. section 2A 3.1 (b)(4)(B) in paragraph 173.

30. **Paragraph 174.** Defendant denies the allegations in paragraph 174 that he kidnaped TM. Defendant would show the government has failed to prove that TM accompanied Mr. Yarborough from Memphis, Tennessee to Atlanta, Georgia involuntarily. Defendant therefore objects to the +4 enhancement.

31. **Paragraph 175.** Defendant denies that he induced, enticed or coerced TM to engage in prohibited sexual conduct. Defendant would show there was testimony

8

at trial TM posted advertisements on the internet voluntarily. Defendant therefore objects to the +2 point enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(6).

32. **Paragraph 177.** Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants. Therefore, defendant objects to the +4 point enhancement pursuant to U.S.S.G. section 3B 1.1 (a).

33. **Paragraph 179.** Defendant objects to the adjusted offense level (subtotal) of 46 as found in paragraph 179. As previously stated, Defendant would show the government has failed to prove the allegations that defendant was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1). Defendant would show the government has failed to prove the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1). Alternatively, defendant would argue the correct guideline calculation for **Count 7** is 34.

<u>**Count 9:**</u>      **Sex Trafficking by Force, Fraud or Coercion**.
                **Victim BK**

34. **Paragraph 180-181.** Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. section 2241 (a) or (b). Defendant therefore objects to the +4 enhancement in paragraph 181.

35. **Paragraph 182.** Defendant denies that he induced, enticed or coerced BK to engage in prohibited sexual conduct. Defendant would show there was testimony

at trial BK posted advertisements on the internet voluntarily. Defendant therefore objects to the +2 point enhancement pursuant to USS G section 2A 3.1 (b)(6).

36.   **Paragraph 184.** Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants. Therefore, defendant believes the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) is unwarranted.

37.   **Paragraph 186.** Defendant objects to the adjusted offense level (subtotal) of 40 as found in paragraph 186 of the presentence investigative report. As previously stated, defendant would show the government has failed to prove the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. section 1591 (a) and (b)(1). Defendant additionally denies the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1). Alternatively, defendant would argue the correct guideline calculation for **Count 9** is 34.

**Count 10:**      **Sex Trafficking by Force, Fraud or Coercion.**
                   **Victim BL.**

38.   **Paragraph 187-188.** Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. Section 2241 (a) or (b). Defendant therefore objects to the +4 enhancement in paragraph 188.

39.   **Paragraph 189.** Defendant denies that he induced, enticed or coerced BL to engage in prohibited sexual conduct. Defendant would show there was testimony

10

at trial BL posted advertisements on the internet voluntarily.  Defendant therefore objects to the +2 point enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(6).

40. **Paragraph 192.**  Defendant objects that he willfully obstructed or impeded, or attempted to obstruct or heed the administration of justice with respect to the investigation, prosecution, or sentencing in the instant offense.  Therefore, Defendant objects to the +2 point enhancement pursuant to you U.S.S.G. Section 3C 1.1.

41. **Paragraph 193.**  Defendant objects to the adjusted offense level (subtotal) of 38 as found in paragraph 193 of the presentence investigative report.  As previously stated, Defendant denies the Government has proved the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1).  Defendant additionally denies the government has proved the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1).  Alternatively, defendant would argue the correct guideline calculation for **Count 10** is 34.

<u>**Count 11:**</u>　　**Sex Trafficking by Force, Fraud or Coercion**.
　　　　　　　　**Victim LK.**

42. **Paragraph 194-195.**  Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. section 2241 (a) or (b).  Defendant therefore objects to the +4 enhancement in paragraph 195.

43.     **Paragraph 196.**  Defendant would show the government has failed to substantiate the allegations in paragraph 196.

44.     **Paragraph 197.**  Defendant denies that he induced, enticed or coerced BL to engage in prohibited sexual conduct.  Defendant would show there was testimony at trial LK posted advertisements on the internet voluntarily.  Defendant therefore objects to the +2 point enhancement pursuant to U.S.S.G. Section 2A 3.1 (b) (6).

45.     **Paragraph 198.**  Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants.  Therefore, Defendant believes the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) is unwarranted.

46.     **Paragraph 201.**  Defendant objects to the adjusted offense level (subtotal) of 43 as found in paragraph 201 of the presentence investigative report.  As previously stated, defendant would show the Government has failed to prove the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1).  Defendant additionally denies the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section 1591 (a) and (b)(1).  Alternatively, defendant would argue the correct guideline calculation for **Count 11** is 34.

**Count 14:**     **Food Stamp Fraud**.

47. **Paragraphs 202-207.** Defendant which show that the Government has failed to prove the allegations of food stamp fraud, 18 U.S.C. Section 371. Therefore, Defendant objects to the base offense level of 6 as stated in paragraph 202.

<u>Count 15:</u>     **Minor Victim DH**

48. **Paragraph 208-209.** Defendant objects that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. section 2241 (a) or (b). Defendant therefore objects to the +4 enhancement in paragraph 134.

49. **Paragraph 210.** Because defendant believes there is insufficient proof defendant violated 18 U.S.C. section 2241 (a) or (b) defendant objects to the +2 point enhancement pursuant to section 2A3.1(b)(4)(B).

50. **Paragraph 211.** Defendant denies that he induced, enticed or coerced DH to engage in prohibited sexual conduct. Defendant which show there was testimony at trial DH posted advertisements on the Internet voluntarily. Defendant therefore objects to the +2 point enhancement pursuant to U.S.S.G. section 2A 3.1 (b) (6).

51. **Paragraph 213.** Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants. Therefore, defendant believes the +4 point enhancement pursuant to U.S.S.G. section 3B 1.1 (a) is unwarranted.

52. **Paragraph 215.** Defendant objects to the adjusted offense level (subtotal) of 38 as found in paragraph 215 of the presentence investigative report. As previously stated, defendant denies the government has proved the allegations that he was

13

engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1). Defendant additionally denies the government has proved the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section 1591 (a) and (b)(1). Alternatively, defendant would argue the correct guideline calculation for **Count 1a** is 34.

<u>**Count 3a:**</u>     **Victim VP**

53.   **Paragraph 216.** Defendant objects that the Government has proved that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. Section 2241 (a) or (b). Defendant therefore objects to the base offense level of 34 in paragraph 216.

54.   **Paragraph 219.** Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants. Therefore, defendant believes the +4 point enhancement pursuant to U.S.S.G. section 3B 1.1 (a) is unwarranted.

55.   **Paragraph 221.** Defendant objects to the adjusted offense level (subtotal) of 38 as found in paragraph 221 of the presentence investigative report. As previously stated, defendant denies the government has proved the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. section 1591 (a) and (b)(1). Defendant additionally denies the government has proved the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section

1591 (a) and (b)(1).  Alternatively, defendant would argue the correct guideline calculation is 34.

**Count 3b:**  **Victim VW**

56.     **Paragraph 222.**  Defendant objects that the government has proved that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. Section 2241 (a) or (b).  Defendant therefore objects to the base offense level of 34 in paragraph 216.

57.     **Paragraph 225.**  Defendant objects to the +4 point enhancement pursuant to that involved 5 or more participants.

58.     **Paragraph 225.**  Defendant objects to the adjusted offense level (subtotal) of 38 as found in paragraph 225 of the presentence investigative report.  As previously stated, defendant denies the government has proved the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1).  Defendant additionally denies the government has proved the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section 1591 (a) and (b)(1).  Alternatively, defendant would argue the correct guideline calculation is 34.

**Count 3c:**  **Victim MM**

59.     **Paragraph 228.**  Defendant objects that the government has proved that he engaged in conduct causing another to engage in a sexual act with another person

under any of the criteria set out in 18 U.S.C. Section 2241 (a) or (b). Defendant

therefore objects to the base offense level of 34 in paragraph 228.

60. **Paragraph 229.** Defendant objects that he engaged in conduct causing another

to engage in a sexual act with another person under any of the criteria set out in

18 U.S.C. Section 2241 (a) or (b). Defendant therefore objects to the +4

enhancement in paragraph 229.

61. **Paragraph 230.** Defendant denies that he induced, enticed or coerced MM to

engage in prohibited sexual conduct. Defendant which show there was testimony

at trial MM posted advertisements on the Internet. Because MM posted

advertisements of herself on the Internet defendant objects to the +2 point

enhancement pursuant to U.S.S.G. Section 2A 3.1 (b)(6).

62. **Paragraph 232.** Defendant objects to the +4 point enhancement pursuant to

U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity

that involved 5 or more participants. Therefore, defendant believes the +4 point

enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) is unwarranted.

63. **Paragraph 234.** Defendant objects to the adjusted offense level (subtotal) of 40

as found in paragraph 234 of the presentence investigative report. As previously

stated, defendant denies the government has proved the allegations that he was

engaged, by any means, in sex trafficking by force, fraud, or coercion in violation

of 18 U.S.C. Section 1591 (a) and (b)(1). Defendant additionally denies the

government has proved the allegations that he was engaged, by any means, in Sex

Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. section

16

1591 (a) and (b ) (1).  Alternatively, defendant would argue the correct guideline is 34.

**Count 3d:**  **Victim JM**

64.	**Paragraph 235.**  Defendant objects that the government has proved that he engaged in conduct causing another to engage in a sexual act with another person under any of the criteria set out in 18 U.S.C. Section 2241 (a) or (b).  Defendant therefore objects to the base offense level of 34 in paragraph 235.

65.	**Paragraph 238.**  Defendant objects to the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) that he was an organizer or leader of criminal activity that involved 5 or more participants.  Therefore, defendant believes the +4 point enhancement pursuant to U.S.S.G. Section 3B 1.1 (a) is unwarranted.

66.	**Paragraph 240.**  Defendant objects to the adjusted offense level (subtotal) of 38 as found in paragraph 240 of the presentence investigative report.  As previously stated, defendant denies the government has proved the allegations that he was engaged, by any means, in sex trafficking by force, fraud, or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1).  Defendant additionally denies the government has proved the allegations that he was engaged, by any means, in Sex Trafficking of minors by force, fraud or coercion in violation of 18 U.S.C. Section 1591 (a) and (b)(1).  Alternatively, defendant would argue the correct guideline calculation is 34.

## III.    POSITION REGARDING SENTENCING

The Supreme Court transformed the Sentencing Guidelines from a mandatory scheme into an advisory resource in *United States v. Booker*, 543 U.S. 220 (2005).  Post *Booker*, the district court must consider the applicable advisory Guidelines range, as well as the factors listed in 18 U.S.C. § 3553(a).  The district court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2). The § 3553(a) factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > © to protect the public from further crimes of the defendant and;
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the advisory guideline range
> (5) any pertinent policy statement issued by the Sentencing Commission;
> (6) the need to avoid unwarranted sentence disparities and;
> (7) the need to provide restitution to any of the victims of the offense.

*See* 18 U.S.C. § 3553(a).

### 1.    The Seriousness of the Offense.

Pursuant to 18 U.S.C. § 3553, a sentence imposed must be of a type and length that is sufficient, but not greater than necessary, to comply with the statutory directives set forth in § 3553(a).  The offense in this case contains a mixture of inculpatory and exculpatory facts.  It contains facts typical of prostitution and episodic, serious acts of violence, while at the same time including periods where the situations were calm and the relationships exemplified a business relationship in the sex trade, and at times exemplified companionship.  Based upon the

jury's finding of guilt a significant sentence is in order that is short of a life sentence provided by the Guidelines.

Although the court heard testimony of serious, occasional acts of violence, it is important to understand that not one of the witnesses testified that Mr. Yarbrough had forced them to be prostitutes. The majority of the women had previously worked in the sex industry, either as strippers or as prostitutes, before forming a relationship with Mr. Yarbrough. Those who had not worked as prostitutes agreed on the witness stand that Mr. Yarbrough did not force them to get involved with his escort service. Brittany Lamer, for example, admitted that she did it, not because she was forced, but because she loved Mr. Yarbrough and she enjoyed the attention Mr. Yarbrough provided her. (Trial Transcript, p. 1038, lines 1-2; p. 1079, lines 19-23; p. 1083, lines 13-15.)

It is true that several of the victim witnesses reported feeling, at times, fearful of Mr. Yarbrough. And some said they were afraid to leave the service. However, some of these same witnesses could not explain the numerous times they did leave Mr. Yarbrough and then later returned, on their own. All of the witnesses testified that they were in love with Mr. Yarbrough. The women formed domestic style relationships Mr. Yarbrough, and some considered him their family. (Trial Transcript, p. 628, line 1.) Several of the women have children with Mr. Yarbrough. (Trial Transcript, p. 359, lines 12-14.) During the trial none of the victims expressed objections to Mr. Yarbrough purchasing what was needed. He would buy them clothes, food, and take them to the salon for hairdressing or beauty treatments. (Trial Transcript, p. 608, lines 21-25; p. 609, line 1.) Once Mr. Yarbrough was arrested on these charges in St. Louis, Missouri, these women continued to work in the sex industry, and hired defense counsel

in an effort to secure a bond to have Mr. Yarbrough released.  (Trial Transcript, p. 1178, lines 23-25.)  Further, there were hundreds of calls between the victims and  Mr. Yarbrough on a continuous basis while he was incarcerated.

The court heard numerous examples of evidence to support the proposition that the involvement of the victims as prostitutes was volitional:

1. Geneta Carter, after voluntarily working as a prostitute for Mr. Yarbrough, was arrested and returned to Las Vegas by her probation officer.  Following her return to Las Vegas, Ms. Carter returned on her own free will to work with Mr. Yarbrough as a prostitute.  (Trial Transcript, p. 736, lines 2-6.)
2. Nicole Taylor emphasized in her testimony that she decided to work as a prostitute for Mr. Yarbrough on her own free will so she could make some money.  (Trial Transcript, p. 493, lines 3-14.)
3. Andrea bates testified that she made the decision to engage in prostitution for Mr. Yarbrough on her own free will in order to make some money.  (Trial Transcript, p. 446, lines 5-13, p. 447, lines 2-7.)
4. Brittany Lamer stated that she did not object to posting prostitution advertisements on Craigslist in order to find customers for her work as a prostitute because she wanted to make money.  (Trial Transcript, p. 1083, lines
5. Brooke Kitchen testified that even after Mr. Yarbrough had been incarcerated in St. Louis, Ms. Kitchen continued to work as a prostitute in order to raise money for an attorney to help get Mr. Yarbrough out of jail.  (Trial Transcript, p. 1178, lines 18-23.)
6. Scotch Buck testified that she knew Mr. Yarbrough worked in prostitution when she met him.  She further stated that she voluntarily worked as a prostitute for Mr. Yarbrough in order to make money.  (Trial Transcript, p. 994, lines 17-23, p. 995, lines 5-7.)

The jury in this case believed that there was enough evidence to establish an element of coercion.  Regardless, the court must take into account  Mr. Yarbrough formed domestic style relationships with these women; each woman had the ability to leave Mr. Yarbrough numerous times; the women formed romantic relationships with Mr. Yarbrough, and voluntarily chose to work in te sex trade.  Counsel would argue in light of these facts this Court must take into account all of these facts in concluding that Mr. Yarbrough is on the mitigated side of the type of

offense so defined in 18 U.S.C. § 1591.

2. 18 U.S.C. § 3553(a)(2): To Protect the Community from the Defendant.

Mr. Yarbrough is now nearly 38 years of age. This might be the most important aspect of history and characteristics for sentencing purposes. "Age may be relevant in determining whether a departure is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.1; *see also* 18 U.S.C. § 3553(a)(1). The Court's consideration of age is justified given the findings of the Sentencing Commission. According to the Commission, for defendants over forty, the risk of recidivism drops dramatically, lessening the need to protect the public from further crimes of the defendant under § 3553(a)(2)©. *See United States Sentencing Commission*, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines at 12, available at http://www.ussc.gov/Research/Research_Publications/Recidivism/200405_Recidivism_Criminal _History.pdf. The Commission noted that recidivism rates decline consistently as age increases; from 35.5% under the age of 21 to 9.5% over the age of 50. *Id.*

At nearly 40 years old, if this Court were to impose a 30 year sentence on Mr. Yarbrough, he would be in his late 60s upon release. The chance of Mr. Yarbrough re-offending, according to the Commission's statistics is low and relevant to the determination of a reasonable sentence under § 3553(a)(2)©, that is, to protect the public from further crimes of the defendant.

3. 18 U.S.C. § 3553(a)(2)(B): Deterrence.

The imposition of a sentence between 20 and 30 years on a 38 year old man will have

tremendous impact on any person contemplating the running of an escort service.  Any person not deterred by such a sentence would not be impressed by any sentence.  Such a sentence would put Mr. Yarbrough, at the youngest, at nearly 60 years old.

    4.    <u>This Court Should Consider the Congressional Intent of 18 U.S.C. § 1591 Before Imposing Mr. Yarbrough's Sentence</u>.

The legislative history of 18 U.S.C. § 1591 demonstrates that Congress did not intend for every type of prostitution promotion to become a federal crime.  As a result, this Court should consider the legislative history of § 1591 in order to impose a sentence that is not greater than necessary to comply with the purposes set forth in § 3553(a)(2).  Congress' implementation of the severe penalties under § 1591 was aimed mainly at international sex trafficking, not situations where women willingly participated in commercial sex acts in order to make a money.

The sex trafficking statute, 18 U.S.C. § 1591(a), provides that:

> Whoever knowingly--
> (1) in or affecting interstate or foreign commerce . . . knowing that force, fraud, coercion described in subsection (c)(2) will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

The statute also states that:

> (c)(2) The term "coercion" means--
> (A) threats of serious harm to or physical restraint against any person;
> (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or
> © the abuse or threatened abuse of law or the legal process.

The sex trafficking statute was enacted as part of a legislative package that provided criminal penalties in addition to comprehensive assistance to individuals who were uprooted from their home countries due to trafficking schemes. As is evident from the Congressional

findings in the preamble to PL 106-386, 200 HR 3244, the Victims of Trafficking and Violence Protection Act of 2000, the focus of this legislation was international sex slavery and women disproportionately affected by poverty and lack of economic opportunity for their home countries.  Specifically, it said:

(1) As the 21st century begins, the degrading institution of slavery continues throughout the world. Trafficking in persons is a modern form of slavery, and it is the largest manifestation of slavery today. At least 700,000 persons annually, primarily women and children, are trafficked within or across international borders. Approximately 50,000 women and children are trafficked into the United States each year.

(2) Many of these persons are trafficked into the international sex trade, often by force, fraud, or coercion. The sex industry has rapidly expanded over the past several decades. It involves sexual exploitation of persons, predominantly women and girls, involving activities related to prostitution, pornography, sex tourism, and other commercial sexual services. The low status of women in many parts of the world has contributed to a burgeoning of the trafficking industry.
. . .

(17) Existing laws often fail to protect victims of trafficking, and because victims are often illegal immigrants in the destination country, they are repeatedly punished more harshly than the traffickers themselves.

(18) Additionally, adequate services and facilities do not exist to meet victims' needs regarding health care, housing, education, and legal assistance, which safely reintegrate trafficking victims into their home countries.

(19) Victims of severe forms of trafficking should not be inappropriately incarcerated, fined, or otherwise penalized solely for unlawful acts committed as a direct result of being trafficked, such as using false documents, entering the country without documentation, or working without documentation.

(20) Because victims of trafficking are frequently unfamiliar with the laws, cultures, and languages of the countries into which they have been trafficked, because they are often subjected to coercion and intimidation including physical detention and debt bondage, and because they often fear retribution and forcible removal to countries in which they will face retribution or other hardship, these victims often find it difficult or impossible to report the crimes committed against them or to assist in the investigation and prosecution of such crimes.
. . .

(24) Trafficking in persons is a transnational crime with national implications. To deter international trafficking and bring its perpetrators to justice, nations including the United States must recognize that trafficking is a serious offense. This is done by prescribing appropriate punishment, giving priority to the prosecution of trafficking offenses, and protecting rather than punishing the

victims of such offenses. The United States must work bilaterally and multilaterally to abolish the trafficking industry by taking steps to promote cooperation among countries linked together by international trafficking routes. The United States must also urge the international community to take strong action in multilateral fora to engage recalcitrant countries in serious and sustained efforts to eliminate trafficking and protect trafficking victims.

In the Senate, several senators commented on the conduct that was the basis for the criminal statutes. Senator Brownback stated as follows: "These victims are routinely forced against their will into the sex trade, transported across international borders, and left defenseless in a foreign country." 146 Cong. Rec. S10137-02, 2000 WL 1505744. Senator Wellstone stated:

> Our government estimates that 2 million people are trafficked each year. Of those, 700,000 women and children, primarily young girls, are trafficked from poor countries to rich countries and sold into slavery, raped, locked up, physically and psychologically abused, with food and health care withheld. Of those, as many as 50,000 immigrants are brought into the United States each year, and they wind up trapped in brothels, sweatshops, and other types of forced labor, abused and too fearful to seek help. Traffickers exploit the unequal status of women and girls, including harmful stereotypes of women as property and sexual objects to be bought and sold. Traffickers have also taken advantage of the demand in our country and others for cheap, unprotected labor.

146 Cong. Rec. S10165-02, 200 WL 1509754. Senator Boxer provided the following reasons for the statute:

> The selling of naive and desperate women into sexual bondage has become one of the fastest growing criminal enterprises in the global economy. It is hard to understand how this could happen. But when people are in a strange land and are frightened, they look to others to protect them when they really want to hurt and harm them. This legislation authorizes $94 million over 2 years to stop this abhorrent practice.

146 Cong. Rec. S10164-02, 2000 WL 1509753.

As demonstrated by the legislative history of this statute, Congress did not intend for § 1591 to apply to situations where prostitutes willingly choose to engage in the sex trade. In this

24

case, the majority of the women testified that they engaged in prostitution before meeting Mr. Yarbrough. Those who did not work as prostitutes previously testified that they voluntarily worked as a prostitute for Mr. Yarbrough. The women joined forces with Mr. Yarbrough not because they were forced by him, but because the viewed it as a way to make a living.

While it is clear that Mr. Yarbrough's conduct in recruiting these women to make money as prostitutes is offensive and violative of certain state statutes, Congress did not intend to make a federal crime all cases of promoting prostitution or all cases where a pimp commits an assault during a relationship with a prostitute. Congress' focus was on a more severe action that requires a greater burden of proof. This Court should impose a sentence that reflects the crimes of a local pimp that promoted prostitution, not a sentence for the type of sex-trafficking as envisioned by Congress when enacting § 1591.

## VI. CONCLUSION

At trial the government main focus was on the violence in the relationships between Mr. Yarborugh and the victims. While serious, a similar conviction for such conduct in state court would be punished as aggravated assault. Counsel would show the advisory guideline suggestion of a life sentence over represents the conduct of the defendant presented at trial. While the jury convicted Mr. Yarbrough under § 1591, none of the victims sustained life threatening injuries. For all the above reasons counsel would argue a sentence less than life is warranted and meets the requirements of 18 U.S.C. 3553.

Respectfully submitted,


<u>s/Eugene A. Laurenzi</u> (TN BAR# 9528)

Attorney for Defendant

Godwin, Morris, Laurenzi & Bloomfield, P.C.

50 N. Front Street Suite 800

Memphis, Tennessee, 38103

Tel: 901.528.1702

Fax: 901.528.0246

Email: elaurenzi@gmlblaw.com


<u>CERTIFICATE OF SERVICE</u>


I hereby certify that on August 13, 2012 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Tony Arvin, Assistant United States Attorney.


<u>s/ Eugene A. Laurenzi</u>